UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE A. H. ALLEN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,<br><br>　　　　　Respondents. | Case No.: 2:23-cv-01166-APG-VCF<br><br>**Order** |

　　　This is a habeas corpus action brought by Gene A. H. Allen, an individual incarcerated at Nevada's Lovelock Correctional Center. Allen initiated this case on July 3, 2023, by submitting a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254—captioned for filing in this Court—to the United States Court of Appeals for the District of Columbia Circuit. ECF No. 1-1. The petition was transferred to this Court, where it was received on July 13, 2023. *See* ECF No. 1-1 at 1, 14. I screen the petition and summarily dismiss this action because Allen's petition is plainly without merit.

　　　A federal district court may grant a writ of habeas corpus to a person in state custody only if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(3); 28 U.S.C. § 2254(a). A state prisoner's claim is cognizable in a habeas action only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). If success on a claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in a civil rights action under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 931. Furthermore, a federal court generally cannot grant a state prisoner's petition for writ of habeas corpus unless the petitioner has exhausted available state-court remedies. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509 (1982). With these fundamental

principles in mind, I cannot discern in Allen's petition any potentially meritorious claim for habeas corpus relief.

Allen's petition is largely inscrutable. However, it appears that Allen claims that his parole eligibility was mishandled, that a parole hearing was cancelled or rescheduled, and, perhaps, that he was wrongly denied parole. It appears that the events Allen complains of occurred within the two months before he initiated this action in federal court. There is no indication that Allen has exhausted his state-court remedies with respect to the events he complains of—in fact, it is probably impossible for him to have done so within such a short amount of time.

Furthermore, there is no indication that success on the merits of Allen's petition would lead to immediate or earlier release from custody. *See Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963) (a paroled habeas petitioner is still "in custody" for purposes of the habeas corpus statutes). In *Swarthout v. Cooke*, 562 U.S. 216 (2011), the Supreme Court held that federal habeas jurisdiction does not extend to state parole decisions so long as minimum procedural protections are provided. *Swarthout*, 562 U.S. at 220 at 220–21. A federal court's inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Ibid*. There is nothing in Allen's petition alleging a violation of his right to those basic procedural protections, and no suggestion that he could substantiate any such allegation. In short, Allen's petition does not assert a claim cognizable in this federal habeas action.

In his motion for extension of time (ECF No. 4), Allen appears to request 120 days to file an application to proceed *in forma pauperis*. Because I determine that Allen's petition is meritless, and summarily dismiss this action for that reason, I will deny Allen's motion for extension of time as moot.

**IT IS THEREFORE ORDERED** that **this action is DISMISSED**. A **certificate of appealability is DENIED** because jurists of reason would not find debatable whether the Court is correct in dismissing this action. The Clerk of the Court is directed to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Enlargement of Time **(ECF No. 4) is DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to:

- **ADD** Aaron D. Ford, Attorney General of the State of Nevada, to the docket for this case, as counsel for Respondents;
- **SERVE** Respondents with a copy of the habeas petition (ECF No. 1-1) and a copy of this order. Respondents need take no action with respect to this case.

Dated:  August 2, 2023

_____
U.S. District Judge Andrew P. Gordon